## BUSH vs. STEVENS & KENDLE.

Where a party enters into an obligation *under seal* for the debt of another it is not necessary to allege any consideration.

When, however, the covenant is, to pay *on request*, a *special request* must be alleged in the declaration ; the general allegation of *sœpe requisitus* is not enough.

DEMURRER to declaration in covenant. The *first* count alleges that *Thomas Peele*, on the 18th July, 1835, became bound to the plaintiff in a bond, conditioned for the payment of $2529,29, by instalments, specifying the times, with interest ; and that the defendants on the same day *covenanted* with the plaintiff, that in case *Peele* should not pay the money according to the condition of the bond, the defendants would pay the same *on request*. *Breach*, that *afterwards, to wit, on the 15th July, [ *257 ] 1837, at, &c. a large sum of money, to wit, $1400, became, and was due and payable to the plaintiff on the bond, which Peele neglected and refused to pay, *of which the defendants then and there had notice ;* yet the defendants, *although often requested so to do*, have not paid, &c. but have hitherto wholly refused, &c. The 2d, 3d and 4th counts were substantially like the first, except as to the covenant of the defendants, which was, that Peele should pay, to the plaintiff the moneys specified in the condition of the bond, according to the terms thereof. The defendant, *Stevens*, demurred to the 2d count, and to the breach alleged in the 1st, 2d and 4th counts, and the plaintiff joined in demurrer.

*S. Stevens*, for the defendant, contended ; 1. That the undertaking of the defendants *Stevens* and *Kendle* being to answer for the debt of a third person, the consideration inducing them to enter into the obligation should have been set forth in the declaration ; 2. That the bond of *Peele* being for the payment of a sum of money by instalments with interest, it was incumbent upon the plaintiff to have specified the instalments claimed in the action brought ; and 3. That as the defendants only engaged to pay *on request*, a *special request* ought to have been alleged.

*A. Taber*, contra.

*By the Court*, BRONSON, J. I. Although this was a *collateral undertaking*, the *seal* imports a consideration, and none need be alleged in pleading. This question was fully considered at the last term.

II. The whole of the money mentioned in the condition of the bond was due at the time specified in the breach, and it is enough that the plaintiff has stated how much was due and in arrear, without specifying what portion of it was for principal and what for interest.

III. The objection that there should have been a *special* request only applies to the first count. The covenant in that count is, that if [ *258 ] Peele does not pay the money according *to the condition of the bond, the defendants will pay it *on request.* The breach alleged is, that Peele did not pay, of which the ·defendants had *notice ;* and that *although often requested so to do,* they have not paid. There should have been a special request.

*Judgment for plaintiff* on second, third and fourth counts, and for defendants on first count.