Edelen *vs.* Gough.—1847.

---

ANN EDELEN *vs.* BENNETT GOUGH.—*December,* 1847.

By the plea of *non est factum,* the plaintiff is required to prove the signing, sealing and delivery of the instrument to which the plea is interposed; those three facts constitute the affirmative of the issue.

Whether the person appearing to be the attesting witness did subscribe his name to the instrument forms no part of that issue.

Before the act of 1825, ch. 120, the law for the benefit of the defendant, required the plaintiff to prove such issue by the testimony of the subscribing witness, or account for his absence, but be the testimony of the witness what it might, the parties were then at liberty to advance any other competent proof—tending to the establishment of the issue on their respective parts.

Where the attesting witness to an instrument proved that *E.* took her seat at the table—that he did not see her write her name—that he did not know, whether at the time of signing his name as witness, she had signed her name—that he could not say it was her hand-writing—that the instrument was not to his knowledge ever read to, or by her, this is not *prima facie* evidence of the signing, sealing and delivery of such instrument.

In an action upon a sealed note, which recited " on a settlement this day of *H's* two notes, due *B.*, amounting to, &c., I fall in his debt." Under the plea of *non est factum,* the defendant cannot give evidence of the administrator's account of *H's* estate, showing a settlement and over-payment of his debts before the date of the sealed note. Such evidence is irrelevant to the issue, and tended to mislead the jury.

A seal to an instrument *per se,* imports a consideration.

The statute of frauds on the subject of consideration, in agreements to pay the debts of third parties, has no application to instruments under seal.

The terms for value received in a written instrument, is a sufficient expression of a consideration required by the statute of frauds.

A note given to secure the anterior indebtedness of the defendant to the plaintiff, does not require words of consideration to support it.

APPEAL from *St. Mary's* County Court.

This was an action of *debt* brought by the appellant against the appellee, on the 19th February, 1845, upon her single bill of $ 406 46. The defendant pleaded *non est factum,* upon which issue was joined. The jury found a verdict for the plaintiff.

1ST EXCEPTION. In the trial of this case, the plaintiff to support the issue on his part joined, offered to prove by a competent witness, *John Gough,* whose name is signed as witness to the cause of action, viz:

"On a settlement this day, of *Henry A. Edelen's* two notes, due *B. Gough,* (amounting to $ 1038 46), I fall in his debt the sum of four hundred and six dollars and forty-six cents; which sum I hereby promise and oblige myself, my heirs, executors or administrators, to pay to *B. Gough,* or order, for value received. Witness my hand and seal, this 4th day of March, 1844.                                        *Ann Edelen.* [Seal.]

Witness, *John S. Gough.*

The execution of the said writing obligatory, upon examination, the witness stated that *Ann Edelen,* the defendant, took her seat at the table; that he did not see her write her name;

he did not know whether at the time of signing his name as witness, the said *Ann Edelen* had signed her name; that he could not say that the signature to the paper was in the handwriting of said *Ann Edelen;* that the said paper was not to his knowledge ever read over to said *Ann Edelen*, or read by her. No other proof of the execution of the paper was offered upon part of plaintiff.

Upon the evidence so given, the defendant prayed the court to instruct the jury that the plaintiff was not entitled to recover; but the court (MAGRUDER, C. J.,) refused to give such instructions, but admitted the instrument to go to the jury. The defendant excepted.

2ND EXCEPTION. In the further trial of this case, the defendant to support the issue upon her part joined, offered to read in evidence to the jury the record of the administration accounts of *Henry A. Edelen*, showing a settlement and overpayment of the debts before the date of said writing obligatory in this case; having first proven that he was the same person spoken of in the writing obligatory, and that he was not related to said defendant in blood, or connected with her in estate, as a circumstance to be weighed by the jury upon the issues in the case; but the court refused to permit the said record to be read in evidence. The defendant excepted.

3D EXCEPTION. Upon the testimony on the *first bill of exceptions*, the defendant prayed the court to instruct the jury that the plaintiff was not entitled to recover, because there was no sufficient evidence of a delivery of the said writing obligatory by the said defendant, as her act and deed; but the court overruled the objection, and left the same to the jury. The defendant excepted.

4TH EXCEPTION. In the further trial of their case, the defendant upon the evidence offered in the aforegoing three bills of exceptions, made parts of this, prayed the court to instruct the jury that the plaintiff was not entitled to recover, because there was no sufficient consideration expressed on the face of the cause of action, to supply the requirements of the statute of frauds, as relates to a promise to pay the debt of another; but

the court refused the instruction; because if proof of any consideration had been necessary, the words "value received" in the writing obligatory, imported a sufficient consideration. The defendant excepted.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS and MARTIN, J.

By CAUSIN and MAYER for the appellant, and

By ALEXANDER for the appellee.

DORSEY, J., delivered the opinion of this court.

By the plea of *non est factum*, the plaintiff is required to prove the signing, sealing, and delivery of the instrument to which the plea is interposed. These three facts constitute the affirmative of the issue, and are to be proved by the plaintiff to entitle him to a recovery. Whether the person appearing to be the attesting witness, did subscribe his name to the instrument, in the case before us, forms no part of the issue to be tried by the jury. It is true, that for the benefit of the defendant, and not of the plaintiff, the law, prior to the passage of the act 1825, ch. 120, required the latter to sustain the issue on her part, by the testimony of the subscribing witness, if in her power to obtain it, and preliminary to all other proofs. Let the testimony of the witness be what it might, the parties were then at liberty to adduce any other competent evidence, tending to the establishment of the issue, on their respective parts.

The greater portion of the argument in this cause, and of the authorities referred to, apply to the case where the plaintiff is unable to produce the testimony of the subscribing witness, by reason of his death, absence, interest, or other disqualification. On this part of the argument, and the adjudications referred to in connection with it, no opinion is designed to be expressed; no such question arising in the case before us. Here the subscribing witness was produced on the trial; and on his testimony only, did the plaintiff rely to prove the signing, sealing, and delivery of the instrument in

issue before the jury. The defendant having prayed the court to instruct the jury, that upon the evidence so given, the plaintiff was not entitled to recover. The court refused to give such instruction; " but admitted the instrument to go to the jury, to which the defendant excepted."

The only question brought up by appeal, under this prayer, in the bill of exceptions, is, was the testimony given legally sufficient to have warranted the jury in finding that the defendant did sign, seal, and deliver the instrument thus admitted by the court in evidence before them. To judge of such sufficiency, the testimony of the witness must be examined; which is as follows: " that *Ann Edelen*, the defendant, took her seat at the table—that he did not see her write her name—he did not know whether at the time of his signing his name as witness, the said *Ann Edelen* had signed her name—that he could not say that the signature to the paper was in the hand-writing of said *Ann Edelen*—that the said paper was not, to his knowledge, ever read over to said *Ann Edelen*, or read by her." It has not been, and surely could not be, contended, that standing alone, the proof of his hand-writing by the subscribing witness, was *prima facie* evidence, or evidence of any weight upon the issue, as to the signing, sealing, and delivery of the bill in question. It was entitled to no consideration, except when taken in connection with other proof in the cause. It then only operates as a corroborating circumstance, showing the superiority of the means of knowledge possessed by the witness. But what is the nature of the other proof then to be corroborated. It is of such a character as neither to impart or receive strength from the attestation; but its obvious tendency is to cast discredit upon it. From the date of the instrument, to the examination of the witness, but two years and ten days had elapsed. No pretence on his part, that his knowledge of the transaction was not as full and as accurate as on the day of its occurrence. What under such circumstances ought to have been expected from him. Why that he would have proved every thing that in his character of attesting witness, it was incumbent on him to have known. He should have proved

that he subscribed the instrument as a witness, in her presence, or at her request; or at least, that she signed her name to it in his presence, or acknowledged it to be her signature. For aught that appears in his testimony, he may have signed his name to it without her knowledge or consent, and out of her presence; and she may never have read it, or heard of it, or seen it, or had any knowledge of its concoction or existence, till after the institution of this suit. Such proof, instead of being *prima facie* evidence of the signing, sealing, and delivery of the instrument, is negatively *prima facie* evidence that it never had any legal existence. The court below therefore erred in permitting it to go to the jury.

There is no error in the refusal of the county court to admit to the jury the evidence offered by the defendant in his second bill of exceptions. It was, in its nature, so remote and irrelevant to the matters in issue in the cause, that its effect would most probably have been to bewilder and mislead the jury; and would have opened a door by which the jury might have been involved in the trial of a complication of issues—the finding of which would have had no bearing on the questions which the jury were sworn to try.

The court below erred in refusing the prayer of the defendant in the third bill of exceptions; for the reasons herein before stated, in reference to the first bill of exceptions.

There is no error imputable to the county court, in its refusal to grant the prayer of the defendant in the fourth bill of exceptions; " that the plaintiff was not entitled to recover, because there was no sufficient consideration expressed on the face of the cause of action, to supply the requirements of the statute of frauds, as relates to a promise to pay the debt of another." The seal to the instrument, on which the suit was instituted *per se*, imported a consideration; and the expression of no other consideration was requisite: the statute of frauds, on this subject, not embracing or having application to instruments under seal. But were it otherwise, the court were still right, because the terms, " for value received," was a sufficient expression of a consideration required by the statute. See

*Douglass vs. Howland,* 24 *Wendell,* 35; and *Busk vs. Stevens & Kendle,* 24 *Wendell,* 256. The refusal of the court was justified on another ground. The instrument, on which the suit was instituted, was not given as a promise or agreement to pay the debt of another; but to secure payment of the defendant's anterior indebtedness to the plaintiff. The amount of this indebtedness was ascertained by her settlement of two notes of *Henry A. Edelen* to *B. Gough.* But whether she was a surety in said notes, or how she became answerable for the payment thereof, does not appear. Having, however, acknowledged herself so indebted, the instrument before us was given to secure the payment of her own debt, not the debt of another person.

There is no error of the county court disclosed in the *second* and *fourth* bills of exceptions; but for its errors in the *first* and *third* bills of exceptions, its judgment should be reversed, and a procedendo awarded.

**JUDGMENT REVERSED, AND PROCEDENDO AWARDED.**