## McCARTY v. BEACH.

| 10 | 461 |
| 100 | 432 |

The law imports a consideration to a sealed instrument from its seal.   At common law a want of consideration could not be pleaded to a suit on a sealed instrument, the presumption of a consideration being absolute and conclusive.   The statute of this State has not altered the presumption of a consideration which still accompanies the instrument, but only modified the rule so far as to allow it to be rebutted in the answer.

In an action for the breach of a contract, the want of any averment of special damage can not be reached by demurrer.   Such averment is only necessary where the right of action itself depends upon the special injury received.   For the breach of a contract an action lies, though no actual damages be sustained.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

This is an action upon the following bond:

" Know all men by these presents, that I, George H. Beach, am held and firmly bound unto John T. McCarty, his heirs, executors, administrators, and assigns, in the penal sum of three

thousand dollars, lawful money of the United States, for the payment of which, well and truly to be made unto the said John T. McCarty, his heirs, executors, administrators, and assigns, I bind myself, my heirs, executors, administrators, and assigns, firmly by these presents. Sealed with my hand and seal, this fourteenth day of March, A. D. 1854.

"The condition of the above obligation is such, that whereas the above bounden Geo. H. Beach did, upon the thirteenth day of March, A. D. 1854, bargain, sell, and convey unto the said Jno. T. McCarty, for the sum of twelve hundred and fifty dollars, that piece or parcel of land situate in the city of Marysville, Yuba county, California, and known and described upon the map of said city as part of lot six, (6,) block four, (4,) range E., viz.: that portion situate on D street, commencing on the west side of D street, at a point one hundred and twenty-three (123) feet southerly from the north-east corner of said block four, (4;) and running from thence northerly, on the line of D street, twenty feet; thence at right angles, westerly, eighty feet; thence at right angles, southerly, twenty feet; thence at right angles, easterly, eighty feet, to the place of beginning on D street; and whereas said property is now mortgaged by said Beach, in connection with adjoining property, to Henry Ryman, for the sum of twenty-five hundred dollars, now if said Beach shall have said mortgage satisfied and released as to said property sold said McCarty, above described, or all liens or mortgages upon said property sold to said McCarty, above described, satisfied and released, within four months from the date of these presents, then the above obligation is to be void, otherwise to remain in full force and virtue, in law and equity.

"G. H. Beach,    [L. S.]

" The above interlineation made before execution.

" Witness:   H. Levy."

The complaint sets forth the sale and conveyance, by the defendant to the plaintiff, of the property described in the bond, for the consideration of $1250; that previous to such sale and conveyance, the property sold had been, in connection with other property, mortgaged to one Henry Ryman, by the defendant, to secure the payment of his promissory note of $2500; that the defendant executed the above bond, a copy of which is annexed to the complaint; that the defendant has not, at any time, released, or caused to be released, from the lien of said mortgage, the property so sold to the plaintiff, and has not paid, satisfied, or released, said mortgage, but has neglected the same, and has suffered Ryman to foreclose his mortgage, and to obtain a decree for the sale of the said property to satisfy the said note; and that under said decree the property was sold and no redemption made from the sale, and that a sheriff's deed was in due time executed

and delivered to the purchaser, whereby the property purchased of the defendant has been wholly lost to the plaintiff, together with buildings and improvements—placed upon the same by the plaintiff after his purchase—of the value of $800, whereby an action hath accrued to the plaintiff to recover of the defendant the amount of the bond—$3000—and the value of the improvements. The complaint concludes with a prayer for judgment for $5000 damages, etc.

To the complaint, the defendant demurred on fifteen grounds. The demurrer was sustained, and final judgment rendered thereon for the defendant. From this judgment, the plaintiff appealed. On the argument of the appeal, the defendant relied only upon two grounds to sustain the demurrer : *first*, the want of any averment in the complaint of a consideration for the bond; and, *second*, the want of any averment of special damage.

*Lindley and McConnell* for Appellant.

*R. S. Mesick* for Respondent.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

This is an action upon a bond, executed by the defendant to the plaintiff in March, 1854, in the penal sum of three thousand dollars, conditioned for the release and satisfaction, within four months thereafter, of a mortgage upon premises previously sold and conveyed to the plaintiff. To the complaint—which avers the sale and conveyance; the existence of the mortgage; the execution of the bond; the failure of the defendant to comply with its conditions, and consequent sale of the premises under the mortgage, and their loss to the plaintiff—the defendant demurred, assigning for cause thereof, fifteen different grounds. The demurrer was sustained, and from the final judgment rendered thereon the appeal is taken.

On the hearing, the counsel of respondent confined his argument to two grounds—and which, it may be said, are the only two meriting notice : *first*, the want of any averment in the complaint of a consideration for the bond; and, *second*, the want of any averment of special damage.

Neither of these are well taken.   The first ground is answered by the fact that the bond, which forms a part of the complaint, is a sealed instrument, to which the law imports a consideration from the seal.   At common law, a party was not permitted to plead a want of consideration as a defence to an action upon a sealed instrument—the presumption of the existence of a consideration being absolute and conclusive.   (Vraaman *v.* Phelps, 2 Johns., 177 ; Door *v.* Munsell, 13 Johns., 430.)   The statute of this State has modified the rule in this respect so far as to permit

the want of consideration to be pleaded.  It has not, however, altered the presumption which still accompanies the instrument, but allows it to be rebutted in the answer.  Its language is, "it shall be lawful" for the defendant "to *plead* such want of consideration."

It is true, that where a want of consideration for the execution of the instrument is apparent from the averments of the complaint, the fact may be taken advantage of by demurrer, but such is not the present case.

The want of any averment of special damage, if such were the fact, could not be reached by demurrer.  This is not one of those cases where the right of action itself depends upon the special injury received.  For the breach of a contract an action lies, though no actual damages be sustained.  (Sedg. on Dam., 53; Marzetti *v.* Williams, 1 Barn. & Adol., 415.)

But aside from this, we are of opinion that the complaint does aver special damages with sufficient clearness and particularity, namely, the entire loss of the property purchased.

Judgment reversed, and cause remanded.