WILLS *v.* KEMPT *et al.*

IN suit upon an agreement under seal, the complaint setting out the agreement in *hæc verba* need not aver any consideration for the agreement. The seal imports a consideration.

APPEAL from the Ninth District.

The complaint avers that in 1858, plaintiff and defendants Kempt

and Manseau entered into an agreement, which is under seal and set out in *hæc verba*. This agreement was to the effect: that, whereas Kempt and Manseau held a mortgage upon certain property, executed by one Walsh, now insolvent, in 1855, and plaintiff held a mortgage upon the same property, given by Walsh in 1856, and one Hughes and Shurtliff also each held like mortgages, which were prior to that of plaintiff, but subsequent to that of Kempt and Manseau ; plaintiff undertook to foreclose his mortgage at his own expense, making all persons interested parties ; and, upon a sale under decree of Court, the proceeds, if insufficient to pay all the mortgages, were to go first to satisfy the mortgages of Hughes and Shurtliff, and the balance to be divided between the parties to the agreement *pro rata*.

The complaint then avers that the consideration of the agreement was that plaintiff would foreclose at his sole expense, making the proper parties, and also that he would not resist the mortgage claimed by Kempt and Manseau, which was of doubtful validity for want of evidence of the indebtedness of Walsh ; that the parties to the agreement considered it doubtful whether the property would sell for enough to satisfy the mortgages ; that plaintiff has complied with the agreement, and obtained a decree foreclosing his mortgage and directing payment of the various incumbrances, named according to their priority ; that the property was sold by defendant Stockton, as Sheriff, to Shurtliff, as the highest bidder, for $4,000, which was insufficient to pay the mortgages of Kempt and Manseau, and Hughes and Shurtliff; that out of said proceeds plaintiff was entitled, under the agreement, to a certain proportion, which defendants Kempt and Manseau refuse to allow, etc. Plaintiff therefore sues for this proportion, asking judgment against Kempt and Manseau for the amount, and that they give an order for it on the' Sheriff, in whose hands remain the proceeds of sale, together with an injunction restraining the Sheriff from paying over, etc.

Defendants demurred to the complaint on the ground, mainly, that it failed to state facts sufficient to constitute a cause of action, in this : that it appears from the complaint that the agreement sued on is null and void, because there is no consideration moving

Wills *v.* Kempt.

from plaintiff to defendants to support it.    Demurrer overruled, and final decree for plaintiff as prayed for, defendants having failed to answer.    Defendants appeal.

*E. Garter,* for Appellants.

I.    The complaint is not sufficient in law or equity to sustain a cause of action, which is set out in *hæc verba,* in this : that the contract upon which suit is brought shows no good or valid consideration ; and there is no sufficient consideration averred in the complaint.    (Willard's Eq. Jurisp. 262–267, and cases cited.)

II.    This contract by its terms shows the supposed consideration, which is neither good or valuable in law, nor is it an equitable one ; but the plaintiff has undertaken to plead a different consideration, which is not permissible, for that would amount to a variance between the contract set out in the complaint and the proof.    (Willard's Eq. Jurisp. 286 ; 1 Chitty's Pl. 294 *a,* and note 1297, 307, 310–316.)

*R. T. Sprague,* for Respondent.

I.    The facts set out in the complaint are sufficient to maintain the action and justify the decree.    So long as a right is in doubt, equality in a compromise cannot be considered, as it is a sufficient consideration for an agreement.    (*Roche* v. *O'Brien,* 1 Ball & Beatty, 354.)

A party having doubtful title entering into a compromise agree-ment with due deliberation, the agreement will be enforced without inquiring into the consideration.    (*Naylor* v. *Mynch,* 1 Simons & Stewart, 568 ; 1 Chitty's Eq. Dig. 87, sec. 6, and cases cited ; Id. 89, sec. 4, and cases cited.)

The consideration need not be expressed in the agreement, but may be alleged and proved *aliunde,* if the allegations and proof do not contradict the agreement.    (1 Chitty's Eq. Dig. 84, secs. 4, 5, 6, and cases there cited.)

The complaint alleges a sufficient consideration for the contract moving to appellants, and this consideration as alleged is admitted by the demurrer.    Although a consideration be essential to support

People *v.* Ah Cow.

a contract, yet it is not necessary that it should be expressed in writing, even though the contract itself be in writing, provided it be proved in point of fact. (Story on Cont. sec. 428, and cases cited; Id. 429–442.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

The objection that the complaint does not show a sufficient consideration for the agreement is not well taken. The agreement is under seal, and it is unnecessary that the consideration should have been expressed. The law imports a consideration from the seal, and no averment upon the subject was required. (See *McCarty* v. *Beach*, 10 Cal. 461.)

The demurrer was properly overruled, and the judgment is affirmed.