NORTHERN KANSAS TOWN CO. v. ANDREW OSWALD, *et al.*

1. TITLE BOND; CONSIDERATION; *Presumption.* Where a bond, which requires the obligor to convey to the obligee certain real estate, does not show upon its face that it was executed with or without any sufficient consideration, or what the consideration was, such bond nevertheless imports in law a sufficient consideration.

2. ———— *Pleading.* Where an action is commenced upon such a bond, it is not necessary for the plaintiff to allege in his petition that the execution of such bond was founded upon a sufficient consideration, nor to state what the consideration was. Presumptions of law are never required to be set forth in the pleadings.

*Error from Washington District Court.*

THE district court, at the December Term 1874, sustained a demurrer to the plaintiff's petition, and gave judgment in favor of defendants *Oswald* and wife, for costs. The plaintiff, the *Northern Kansas Land and Town Company*, appeals, and brings the case here on error.

*J. D. Brumbaugh*, for plaintiff, submitted, that all contracts in writing, in this state, signed by the party, import a consideration. (Gen. Stat., § 7, page 183;) that the bond sued upon is not void as against public policy, unless it appears that sinister and corrupting influences were brought to bear on the company to induce the location of the depot; and where labor has been performed, and money spent, to secure the location of a depot, it is a sufficient consideration to support the plaintiff's petition; 46 Mo. 305; Pierce on Railways, 70; 9 Watts, 458; 12 Wis. 512; 6 Ohio St. 119; 15 Ohio St. 225; 16 B. Monroe, 358, 364; 62 Ill. 310.

*Park & Mann*, and *J. W. Rector*, for defendant, contended that the title-bond sued on is void for the want of consideration. Chitty Contr. 26, 27; 2 Washb. Real Prop., page 364, § 102; page 393, § 36; 4 Kent Com. 493; Pars. Contr. 428. The bond must be so complete 'as to give the defendant as well as the plaintiff an action on it: 1 Bouv. Law Dict., title, "Con-

tract," 17. That the bond sued on is void, as being against public policy, see 11 Kas. 602; 45 Mo. 212; 18 Pick. 472; 4 Comst. 456; 1 Bosw. 87; 60 Ill. 138; 62 Ill. 309; 21 Barb. 361, 372.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a certain title-bond, executed by the defendant Andrew Oswald to the plaintiff, requiring the defendants to convey to the plaintiff certain real estate upon certain conditions. The bond was in the usual and ordinary form in which such instruments are usually executed. The plaintiff alleged in his petition that all the conditions of such bond had been fulfilled, and prayed that the defendants be compelled to convey to the plaintiff said real estate, or, that if they had disabled themselves from so doing, that they be compelled to pay to the plaintiff the value thereof in money, in lieu of such conveyance. Pauline Oswald, one of the defendants, is the wife of Andrew Oswald, the other defendant. The defendants demurred to the plaintiff's petition on the ground that it does not state facts sufficient to constitute a cause of action. The court below sustained the demurrer, and this ruling is the error complained of.

It would seem from the brief of counsel for defendants, that the only ground upon which they claim that the petition does not state facts sufficient to constitute a cause of action, is, that the petition does not show that any legal or valid consideration for said bond ever moved from the plaintiff to the defendants, or to either of them. The petition gives a copy of the bond, and makes the same a part of the petition; but neither the bond nor the petition shows what the consideration was. Indeed, neither of them states in terms that there was any consideration for the land. There was a stipulation in the bond, that Oswald was to convey said land to the plaintiff when the St. Joseph & Denver City railroad was completed to the town of Hanover, in Washington county, Kansas, and a depot was erected at or near said town.

And the petition states, "that the plaintiff expended labor by its officers, and money in traveling, to secure the location of the railroad by the way of Hanover in said county, and to secure the erection of a depot or station near said town of Hanover; that plaintiff never paid any money or any other thing to the St. Joseph & Denver City Rld. Co. or its officers to influence their action in locating said railroad by the way of Hanover aforesaid, nor did the plaintiff pay or give any money or valuable thing whatever to influence the St. Joseph & Denver City Railroad Company or its officers to influence their action in locating the depot at Hanover aforesaid, nor was any corrupting influence brought to bear upon the officers of the said railroad company to induce the location of the depot at or near the town of Hanover aforesaid." These are the only allegations or statements in the petition or bond from which any inference might be drawn as to what the consideration for the bond was. And these do not show it. They simply show that the defendant was to convey said land upon the contingencies of said road being built to Hanover, and of a depot being built at or near that place; that the plaintiff used some means to bring about these contingencies, but that it did not use any illegal or immoral means to bring about that purpose. But still, nothing is disclosed as to what the real consideration for the land was. Now we suppose it will not be claimed, that the contract to convey was void because the conveyance depended upon the contingencies of a railroad and a depot being built. It is not illegal or immoral to build railroads, or depots; nor was it illegal or immoral to build a railroad to Hanover, or to build a depot at or near that place; and no contract to build or cause to be built such a railroad, or such a depot, would be illegal, immoral, or wrong in the slightest particular, unless the illegality, the immorality, or the wrong consisted of something aside from the mere building of such depot, or such railroad. And the mere contingency or condition upon which such conveyance was to be executed would not render the bond void. No contract made in good faith, and for a sufficient considera-

tion, will be void merely because the performance of its stipulations may depend upon some condition or contingency where it does not require the commission of some illegal, immoral, indecent, or unjust act to bring about such contingency, or condition.

But, returning to the main question in the case, it was not necessary for the plaintiff to allege or show any consideration for the execution of said bond. *Townsly v. Olds,* 6 Iowa, 526, 528; *Caples v. Brandham,* 20 Mo. 244, 248; *Bush v. Stevens,* 24 Wendell, 256; *McCarty v. Beach,* 10 Cal. 461; *Wills v. Kempt,* 17 Cal. 98. The bond itself, without showing any consideration upon its face, imports in legal contemplation a sufficient consideration. (Gen. Stat. 183, sec. 7.) That is, the law always presumes, in the absence of any thing to the contrary, that a bond apparently executed in good faith was executed in consequence of a sufficient consideration. This was always so at common law with reference to sealed instruments, and it is always so now under our statutes, with reference to all written contracts. Now as the law implies or presumes a consideration for said bond, it was not necessary to allege or set forth any consideration therefor in the plaintiff's petition. Presumptions of law are never required to be set forth in the pleadings. (Gen. Stat. 653, 654, § 130.) If there was in fact no sufficient consideration for the execution of said bond, the defendants should have set forth the want of consideration in their answer. They cannot raise the question by demurrer, where the petition does not show upon its face, and affirmatively, that there was no such want of consideration. From anything appearing in the petition in this case, the plaintiff may have paid the defendants in money the full value of the property which the defendants agreed to convey. Upon the face of the title-bond, the law presumes that there was a sufficient consideration for defendants' agreement. And generally men do not agree to do a thing without a sufficient consideration therefor.

The judgment of the court below will be reversed, and cause remanded for further proceedings.

All the Justices concurring.