S. M. STERN AND EUGENE M. STERN, *partners doing business as S. M. Stern & Co.*, v. JULIUS DEUTSCH.

**No. 612.** ( 59 Pac. 687.)

1. CONTRACT OF GUARANTY — *Consideration—Statute of Frauds.* It is not necessary in this state that a written contract of guaranty to pay the debt of another contain a statement of the consideration therefor.

2. ———— *Ambiguities—Parol Evidence.* Parol evidence, if clear and convincing, may sometimes be used to explain ambiguities or to supplement statements contained in a written memorandum of guaranty.

Error from Atchison district court; J. F. TUFTS, judge *pro tem.* Opinion filed January 4, 1900. Reversed.

*Chas. J. Conlon*, and *Geo. W. Groves*, for plaintiffs in error.

*H. C. Solomon, J. M. Challiss*, and *T. A. Moxcey*, for defendant in error.

The opinion of the court was delivered by

WELLS, J.: This case was originally commenced before a justice of the peace of Atchison county to recover a sum alleged to have been due the plaintiffs from Isaac Deutsch and guaranteed by the defendant, Julius Deutsch, in consideration of an extension of the time of payment thereof from the 13th day of September, 1896, to the 15th day of October, 1896. A judgment for the plaintiffs was rendered by the justice of the peace and the cause appealed to the district court by the defendant.

In the district court the case was tried before J. F. Tufts, judge *pro tem.*, and a jury, and, after certain admissions were made by the parties and some evidence introduced by the plaintiffs, a demurrer to the

Stern v. Deutsch.

evidence was interposed by the defendant and sustained by the court. A judgment was rendered for the defendant, and to reverse this the case is brought to this court on a petition in error.

The plaintiffs in error make five assignments of error upon which they base their right to a reversal, but these are all embraced in the two questions discussed in their brief, as follows :

"*First.* In a written contract of guaranty, in which the guarantor agrees to pay the debt of another, is it necessary that the consideration for the guaranty be expressed in the agreement?

"*Second.* May oral testimony be introduced for the purpose of explaining the circumstances under which the contract of guaranty was entered into?"

It appears from the evidence and admissions that the plaintiffs sold Isaac Deutsch goods to the amount sued for and that the same was, on September 13, 1896, long past due and unpaid. On said date the agent of the plaintiffs, with full authority to collect, secure, grant an extension of time of payment in consideration of security, and to do all that was necessary in collecting or securing said claim, called on the defendant, and was told by him that if he would let the matter rest until October 15 he would pay the bill, if it was not paid by that time. After the agent had failed to get the defendant to sign a promissory note, he agreed that if said defendant would write to the house that he would guarantee the account October 15, an extension would be given until that time. The defendant then wrote the house the following letter :

" OFFICE OF DEUTSCH BROS.,
ATCHISON, KAN., September 13, 1896.
"*Messrs. S. M. Stern & Co.:*

" DEAR SIRS —While we are in no way responsible for debts except those contracted by and for our firm,

your statement to our firm at Horton notwithstanding, still we will see that you are paid in full by October 15.

" You know this has been a very hard year to collect, and our brother has not been favored any more in that respect than others. He was negligent in not writing to you and explaining things.

Yours truly,    DEUTSCH BROS."

No further demand of payment was made until November 6, 1896, when payment was refused, and defendant said he never would pay the claim.

The first question is, Must the consideration for the guaranty be expressed in the writing? This has been held necessary in England and in many of the states of this country, while in some states it has been held not requisite. The decisions on this question being conflicting in the various courts, the legislature of Kansas enacted : "All contracts in writing, signed by the party bound thereby or his authorized agent or attorney, shall import a consideration." ( Gen. Stat. 1899, § 1146.) This section has been held by our supreme court to apply to deeds of conveyance (*Ruth v. Ford*, 9 Kan. 17) ; to bonds for conveyances (*Northern Kas. Town Co. v. Oswald*, 18 Kan. 336) ; and to a contract of a railway company limiting its common-law liability (*Sprague v. Mo. Pac. Rly. Co.*, 34 Kan. 353, 8 Pac. 465). It is contended by the defendant in error that these cases do not construe the section copied with reference to the section of the statute of frauds under consideration in this case. We are unable to see any essential difference in the application of the section to contracts for the conveyance of real estate and to contracts of guaranty. We are clearly of the opinion that the words " all contracts in writing" are sufficiently comprehensive to include written contracts of guaranty.

Stern v. Deutsch.

It is contended by the defendant in error that the plaintiff never accepted the proposition and was not bound to make the extension, but we read the record differently. The authorized agent of the plaintiffs testified, in substance, that he made the proposition to the defendant that if he, the defendant, would write the house that he would guarantee the account October 15, he, said agent, would give an extension until October 15. The proposition was made by the agent and was accepted by the defendant and the letter written which closed the contract, if the letter was sufficiently explicit to do so.

This brings us to what seems to us to be the most doubtful question in the case : Was the letter sufficiently definite and certain in its designation of the debt assumed and the time within which it was to be paid? It does not give the amount of the debt, the name of the original debtor, nor whether it was to be paid on the next succeeding October 15, or on some subsequent recurrence of that date.

The general rule is that where the contract falls within the statute of frauds all its terms must be in writing ; but, as we have hereinbefore held, the consideration need not be so expressed in this state, and the tendency of modern legislation and judicial construction is liberally to construe all laws, with a view to promote their object and assist parties in obtaining justice. In the case of *Beckwith v. Talbot*, 95 U. S. 289, 24 L. Ed. 496, the supreme court held that the rule excluding parol proof in cases coming under the statute of frauds was subject to exception, and that parol proof, if clear and satisfactory, may sometimes be received to supply omissions or explain ambiguities, citing and following *Salmon Falls Co. v. Goddard*, 14 How. 446, 14 L. Ed. 493. In *Dunlap v. Hopkins*,

95 Fed. 231, 37 C. C. A. 52, the federal court went much further in the admission of parol evidence to supplement the written admission of the guaranty than is necessary to sustain the defendant's liability herein. We think the demurrer to the evidence should ·have been overruled.

The judgment of the district court is reversed and a new trial directed.