Battle, J.
 

 The decision of this case depends upon the question whether the fraud alleged to have been practiced •upon John L. McArthur, in the execution of the power of attorney to Daniel McLean, under whom the plaintiff claims, was a fraud in the
 
 factum
 
 of the deed, or a fraud in the consideration of it, or in some matter collateral to it. It is a well established distinction that, for a fraud of the first kind, the deed may be avoided at law, while for a fraud of
 
 *319
 
 either of the two last kinds relief can be had only in a. Court of Equity; Reed v.
 
 Moore,
 
 3 Ire., 310;
 
 Canoy
 
 v.
 
 Troutman,
 
 7 Ire., 155;
 
 Gant
 
 v.
 
 Hunsucker,
 
 12 Ire., 254;
 
 Nichols
 
 v.
 
 Holmes,
 
 1 Jon., 360;
 
 Gwynn
 
 v.
 
 Hodge,
 
 4 Jon., 168;
 
 Logan
 
 v.
 
 Simmons,
 
 1 Dev. & Bat., 13.
 

 An instance of fraud in the
 
 factum
 
 is when the grantor intends to execute a certain deed, and another is surreptitiously substituted in the place of it. See
 
 Gant
 
 v.
 
 Hunsucker
 
 and
 
 Nichols
 
 v.
 
 Holmes, ubi supra.
 
 Another instance is afforded by the case of a deed executed by a blind or illiterate person, when it has been read falsely to him upon his request to have it read; 2 Black Com., 304;
 
 Manser’s
 
 case, 2 Coke’s Rep., 3. These authorities show that the* party was fraudulently made to sign, seal and deliver a different instrument from that which he intended,' so that it could not be said to be
 
 his deed.
 
 Several of the cases in our Reports referred to above furnish examples of what is meant by fraud in the consideration of the deed, or in the false representation of some matter or thing collateral to it. In all of them it will be seen that the party knowingly executes the very instrument which he intended, but is induced to do so by means ot some fraud in the treaty, or some fraudulent representation or pretence. In this category is included the case of a man who can read the instrument which he signs, seals and delivers, but refuses or neglects to do so. Such a man is bound by the deed at law», though a court of equity may give relief against it. In support of this position the authority of Sheppard’s Touchstone is directly in point; “If'the party that is to seal the deed can read himself, and doth not, or, being an illiterate or a blind man, doth not require to hear the deed read, or the contents thereof declared; in these cases, albeit the deed be contrary to his mind, yet it is good and unavoidable at law; but equity may correct mistakes, frauds, &c.” See. 1 Shep. Touch., 56, (30 Law Lib., 121.)
 

 
 *320
 
 While coming to the conclusion that the deed in the case’ now before us is not one which can be avoided at law, we are aware that a different decision was made in the case of
 
 McKerall v. Cheek,
 
 2 Hawk., 343. There a sheriff’s deed conveyed three hundred acres of land, but it having been proved that he intended to convey only one hundred and twenty, and would not have executed the deed, had not the courses, of which he was ignorant, been inserted in such a way as to deceive him as to the quantity,
 
 it ivas held
 
 that the deed was not conclusive, and that the question ought to have been left to the jury to say whether it was fraudulently obtained; for, of the question of fraud, a court of law had cognizance as well as a court of equity. The case was decided without argument, and no authorities are referred to in support of the opinion of the court. What is more material in lessening the authority of the case, not a word is said about the distinction between fraud in the
 
 factum
 
 of the deed and fraud in the consideration, or in some matter collateral to the deed. That distinction, and the reasons upon which it is founded, in assigning one kind of fraud to the jurisdiction of a court of law, and another to that of a court of equity, seems to have been first noticed and explained in this State in the case of
 
 Logan
 
 v.
 
 Simmons,
 
 1 Dev. & Rat., 13. In that case these remarks are found: “ The counsel for the plaintiff, however, insisted upon the general observation, that upon questions of fraud, the jurisdiction of courts of law and equity is concurrent. In its generality that position is inaccurate. As to many and most cases it is true; but there are numerous frauds which can be alleged, investigated and relieved against in equity only. Where a conveyance is not avoided by statute, and where the objection ■is grounded upon imposition in the treaty, and not upon undue and unlawful means used for obtaining the execu
 
 tion,
 
 — the
 
 factum,
 
 of the particular instrument, relief in equity ip most appropriate, and generally can be had there only.
 
 *321
 
 A court of equity can do complete justice in such cases by holding the instrument to be a security for what was advanced upon the treaty or done under the contract, while a court of law would be in danger of doing wrong
 
 io one
 
 of the parties, at all events, by being obliged to pronounce the whole conclusively void or valid, for all purposes.”
 
 McKerall
 
 v.
 
 Cheek, ubi supra,
 
 affords an instance of what would be the hardship. and injustice of allowing the conveyances to be avoided at law; the sheriff’s deed would not have conveyed even what the parties intended to convey; and thus innocent persons claiming under him would have been defeated of their just rights; while in a court of equity the instrument would have been avoided only as to the part of the land fraudulently inserted in it. At all events, the court of equity would not have avoided it
 
 in ioto,
 
 but would have so moulded it as to do exact justice between the respective parties. For these reasons, we are of opinion that the decision in
 
 McKerall
 
 v.
 
 Cheek
 
 cannot be sustained, and that his Honor in the court below erred in following that case, instead of the principle of the more recent decisions in this court. The judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam.
 
 Venire de novo.