(No.5532.   Decided June 6, 1905.)

P. S. HANER *et al., Respondents,* v. M. FURUYA, *Appellant.*[1]

PRINCIPAL AND AGENT—PURCHASE OF GOODS BY AGENT—AUTHORITY —RECOGNITION AND ACQUIESCENCE — REPRESENTATIONS OF GENERAL MANAGER—ESTOPPEL.   Where goods were sold to one claiming to be an agent of the defendant, and the vendor twice made inquiry at defendant's office and was referred to a certain room, supposed to be a department of defendant's business, and was there each time assured that the goods would be paid for by defendant as agreed by the agent, the defendant, upon his return from abroad, cannot escape liability for the goods by showing that they were purchased for an incorporated company doing business in said room, in which defendant was only a stockholder, and that defendant's general manager in charge of his business did not know that the company had been incorporated.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 12, 1904, upon findings in favor of the plaintiffs, after a trial before the court without a jury, in an action upon account for goods sold and delivered.   Affirmed.

*Walter A. Keene,* for appellant.

*J. D. Bauer* and *Smith & Cole,* for respondents.

RUDKIN, J.—Between the 27th day of February and the 7th day of May, 1903, the defendant Furuya furnished to the Northern Pacific Railway Company a number of Japanese laborers, who were engaged in the construction of a drainage ditch for the railway company, near Wickersham,

1 Reported in 81 Pac. 98.

in Whatcom county. The railway company paid Furuya for the laborers so furnished, and Furuya in turn paid the laborers direct. Among these laborers was one Matsumoto, called a bookman. The authority or duty of this bookman is not clear from the testimony, further than that he transmitted orders from the railway foreman to the Japanese laborers, many of whom could not speak or understand the English language.

Between the 27th day of February and the 28th day of March, 1903, the plaintiffs in this action sold and delivered to said Matsumoto, for the laborers above mentioned, goods, wares, and merchandise, of the value of $250, Matsumoto representing to the plaintiffs, at the time of sale, that he was the agent of the defendant Furuya, and that Furuya would pay for the goods so furnished at the end of the month. About the end of the month, the account not having been paid, Haner, one of the plaintiffs, called at the store room of the defendant Furuya, in the city of Seattle, and made inquiry in regard to the payment of this account. He was referred to room 7 upstairs, and there inquired for the agent of the defendant Furuya. A person in charge of the office responded to his inquiry, and Haner informed him of the nature of the account, and the circumstances under which the goods were sold to Matsumoto. Haner was assured that the account was all right, and would be paid by Furuya at the end of the month. With this assurance, Haner returned home, and the plaintiffs continued to furnish goods to Matsumoto until the account run up to the amount set forth in the complaint. About the latter part of April, one of the plaintiffs' employees again called at the place of business of the defendant Furuya, in regard to the account, and was again referred to room 7 upstairs. He was there informed that the books were not ready. The sale of the goods to Matsumoto, their value, and the nonpayment of the account are admitted. The only question at issue was the agency of Matsumoto, or his authority to bind the defendant

Furuya. The court below found in favor of the plaintiffs, and entered judgment accordingly. From this judgment, the defendant Furuya appeals.

Counsel for appellant, in an affidavit filed in support of a motion for a new trial, and in his argument in this court, frankly admits that he assumed, throughout the trial in the court below, that room 7 above the appellant's store room, to which the respondents were referred for information relating to the account in suit, was in fact one of the departments of the appellant's business. The court below so assumed and so found, and this finding is amply supported by the testimony. If this were true, there can be no question that the authority of Matsumoto was so far recognized and acquiesced in by the authorized representatives of the appellant that it would be a gross fraud to now permit the appellant to repudiate his acts.

The main contention of the appellant appears to be that he filed certain affidavits in support of his motion for a new trial, which were not controverted, and that this court should assume the facts stated in these affidavits to be true, or order a new trial. From these affidavits it appears that the contract under which the appellant furnished laborers to the railway company was assigned to a corporation, known as the "Construction and Maintenance Company," on the 2d day of March, 1903, and that room 7 upstairs, to which the respondents were referred, was in fact the office of the Construction and Maintenance Company, and that the appellant had no connection therewith except as a stockholder in the corporation.

While counsel was perhaps excusable in not ascertaining these facts before the trial, the appellant and his general manager were not. It is true, the appellant was absent in Japan, and his general manager made affidavit that he did not know that the Construction and Maintenance Company was a corporation, until after the trial. But this general manager had full charge of all business of the appellant

during his absence, and was bound to know whether room 7 was a department of the appellant's business and under his control, or the office of a separate and independent concern. The fact that the manager claims that he did not know the connection between the appellant's business and said room 7, until after the trial, convinces us that there was such recognition of Matsumoto's agency as is claimed by the respondents, and the appellant is now estopped to controvert or deny it. There is no error in the findings or judgment of the court, or in the order denying the motion for a new trial, and the judgment is accordingly affirmed.

MOUNT, C. J., HADLEY, FULLERTON, DUNBAR, CROW, and ROOT, JJ., concur.