Argued January 20, affirmed January 26, rehearing denied February 23, 1926.

## ADDIE BANGS LUPTON v. ABRAHAM BANGS, EXECUTOR.
### (242 Pac. 830.)

**Descent and Distribution—Contract, Claimed to have Been Induced by Misrepresentation, Held Ratified.**

1. Written contract between wife and children of decedent, claimed to have been signed by plaintiff through misrepresentation, *held* ratified by plaintiff, where writing was afterwards signed for settlement and division of property of estate.

**Descent and Distribution—Plaintiff's Proof, Showing Ratification of Alleged Fraudulent Contract, Held to Preclude Her Recovery, Although not Pleaded as a Defense.**

2. In action to recover part of estate, proof by plaintiff showing ratification by her of a contract settling her rights, claimed to have been induced by fraud, precludes plaintiff's recovery, although defendant failed to allege such ratification.

**Descent and Distribution—Fraud in Representing a Clause to be in a Contract Inducing Plaintiff to Sign Held to Make Contract Voidable but not Void.**

3. Alleged fraud in failing to insert promise to make a will in plaintiff's favor, in contract purporting to settle plaintiff's rights in estate, and representation that clause had been inserted, *held* to make it voidable but not void.

**Contracts—On Ratification of a Voidable Contract, Induced by Fraud, Relief Therefrom cannot be had.**

4. Where fraud in inducement of a contract made it voidable but not void, party defrauded may disaffirm or ratify the contract

upon discovery of fraud, but, when ratified, relief from the contract cannot be had.

---

Contracts, 13 C. J., p. 394, n. 12, p. 395, n. 17, 20,
Trial, 38 Cyc., p. 1556, n. 9.

From Lane: G. F. SKIPWORTH, Judge.

Department 1.

'AFFIRMED.

For appellant there was a brief and oral argument by *Mr. H. E. Slattery.*

For respondent there was a brief over the names of *Messrs. Smith & Bryson* and *Mr. C. A. Hardy,* with oral arguments by *Mr. E. R. Bryson* and *Mr. Hardy.*

RAND, J.—Plaintiff appeals from a judgment of nonsuit given at the trial on motion of the defendant, upon the ground that plaintiff had failed to prove a cause sufficient to be submitted to the jury. It is alleged in the complaint that Eli Bangs died intestate in November, 1912, and left surviving him his widow Irene Bangs and four children by a former marriage, one of whom is the plaintiff, and that he left an estate in Oregon consisting of certain real and personal property, and that said real property in part consisted of what is known as the Gordon block in the City of Eugene. That shortly after his death, plaintiff and the other three children of Eli Bangs released and quitclaimed their interest in the Gordon block to Irene Bangs, and that plaintiff was induced to execute the quitclaim deed upon her part, by an oral promise of Irene Bangs that upon her death she would make a will in favor of plaintiff, giving plaintiff one fourth of the property she should die seised

or possessed of. That Irene Bangs died testate on May 29, 1922, and by the terms of her will bequeathed to plaintiff the sum of one dollar ($1) only, and to two of her brothers the sum of one dollar ($1) each, and gave and devised all the remainder of her property to her other brother, the defendant Abraham Bangs. The complaint further alleges that Irene Bangs at the time of the execution and delivery of said quitclaim deed promised plaintiff to have a written contract prepared, and to include, as one of the terms thereof, her said promise to make a will in favor of plaintiff, and had said contract prepared without including said term therein, and represented to plaintiff that said contract did contain such term, and relying upon said representation, plaintiff was induced to and did sign said written contract without reading it. Contending that by reason of said fraud said contract was void and not voidable, and that because of its being void, all proceedings had in the administration and settlement of her father's estate are of no force and effect, plaintiff seeks to recover in this action from the personal representative of Irene Bangs, who was the administratrix of the estate of Eli Bangs, deceased, a judgment for her share of her father's estate, and to have the amount of the judgment determined by the value of the property of the estate, at the time of the execution of said contract, and without regard to the expenses of the administration of his estate, or the payment of debts, if any there were.

It appears from the testimony offered on behalf of plaintiff that the personal property of Eli Bangs was appraised at $39,462.15, one half of which passed to the widow upon his death. That at the time of his death, Eli Bangs was the owner of an undivided one-half interest in what is known as the Gordon block,

and that the other one half belonged to Irene Bangs.
That Eli Bangs' interest in said block was appraised
at $12,650. That he was the owner of other real
property in Oregon, known as the Blue River lots,
and that he also left an estate in California, consist-
ing of what is known as the Lodi lots, and an interest
in a twenty-five acre vineyard which had been con-
veyed to him and to his wife Irene Bangs during his
lifetime. It is conceded that upon his death his in-
terest in the vineyard, under the laws of that state,
passed to his widow. It also appears from the testi-
mony offered in behalf of plaintiff that the written
contract in question bears the date of January 25,
1913, and was executed by the four children of Eli
Bangs, and by his said widow, and that after exe-
cuting and delivering said quitclaim deed, plaintiff
became dissatisfied and obtained legal advice, and
that on the twenty-seventh day of January, 1913, a
full settlement of all the rights of the four children
and the widow of Eli Bangs in and to the property
left by him was had and made, and that this was
reduced to writing and completely settled and agreed
upon the division to be made of all the property of
said estate. That under this settlement, Irene Bangs
released to the four children her dower right in the
Blue River lots and in the Lodi lots. That they con-
firmed the title which they had conveyed to her in the
one-half interest in the Gordon block, and that each
of said children received and had distributed to them
in money or other securities, $7,277.95. Plaintiff's
proof shows that the settlement and division of the
property of the estate of Eli Bangs was wholly in
writing; that it consisted of a petition of Irene Bangs
as administratrix of the estate of her deceased
husband to the County Court for Lane County, setting
up in detail all of the different items of property be-

longing to the estate, and prayed that she be allowed
to distribute to the four children of Eli Bangs certain
securities and articles of personal property therein
listed, and an amount of money sufficient to give and
distribute to each $7,277.95, as well as said lots, and
recited that there would be sufficient funds left in the
hands of the administratrix after such distribution,
to pay the costs of administration, inheritance tax
and other charges against the estate, and prayed for
an order permitting her to make such distribution.
To this was attached a separate writing, signed by
each of the four children, consenting to and request-
ing the court to make an order distributing the prop-
erty of the estate according to the prayer of the
petition, and to these were attached a copy of the
agreement which plaintiff alleges failed to include
Irene Bangs' promise to make a will. Irene Bangs'
said petition to the County Court recites: "that the
said parties by the terms of said contract have agreed
upon a full and complete determination of the rights
of each of the parties in said estate," and said writ-
ing signed by said four children of Eli Bangs, de-
ceased, which was attached to said petition, after
praying that distribution should be made as prayed
for by Irene Bangs, in her said petition, contains this
recital: "and we hereby accept the same as a full and
complete satisfaction of all claims of each and all of
the parties hereto to the estate, or any interest in the
estate of Eli Bangs, deceased," and attached to this
as stated, was a copy of the very contract which plain-
tiff now attacks.

1, 2. These facts were established upon the trial by
the proof offered in behalf of plaintiff in her case in
chief, and show that whether there was fraud as al-
leged, or not, the written contract which she alleges
she was induced to sign by misrepresentation, was

completely ratified by plaintiff. All of the allegations of fraud were denied by the answer, but the answer failed to allege that plaintiff ratified said contract. Because of such failure, plaintiff contends that even though her own proof showed a ratification by her, defendant cannot take advantage of it. This contention cannot be sustained. It was incumbent upon plaintiff to prove a cause sufficient to entitle her to legal relief, and when all of the testimony offered in her behalf showed that any fact existed which would preclude recovery upon her part, it necessarily defeated her right of action, whether such fact had been alleged as a defense or not.

3. Plaintiff's main contention, however, is that the alleged fraudulent act of Irene Bangs in failing to have her alleged promise to make a will in favor of plaintiff inserted in the contract, and in representing to plaintiff that it had been inserted, constituted fraud in the execution of the contract, which rendered the contract not voidable, but void, and, therefore, that the contract was not capable of being subsequently ratified. Under the allegations of the complaint, the alleged fraud was not in the execution of the contract, but was the inducement which led plaintiff to enter into the contract, and if there was fraud as alleged, the contract was voidable and not void.

The distinction between a void and voidable contract is thus pointed out in 3 Williston on Contracts, Section 1488, as follows:

"Fraud may induce a person to assent to something which he would not otherwise have done, or it may induce him to believe that the act which he does is something other than it actually is. In the first case, the act of the defrauded person is effectual, though voidable; in the second case the act of the defrauded person is void."

The same distinction is recognized in *Olston* v. *Oregon W. P. & Ry. Co.,* 52 Or. 343–350 (96 Pac. 1095, 97 Pac. 538, 20 L. R. A. (N. S.) 915).

4. The allegations of the complaint do not amount to a plea of *non est factum.* There is no allegation to the effect that plaintiff was tricked into signing an instrument of one kind, while she believed she was signing an instrument of another kind. The allegations are, that plaintiff was induced by fraud to enter into a contract, which but for the fraud she would not have entered into. To the extent that the written contract contained the provisions to which the parties had agreed, their minds met. Both parties intended to enter into a contract with each other, and did enter into a contract, but because of the alleged fraud, one of the terms which the parties had agreed to, was not included in the contract, and not being included in the contract, the contract was void but not voidable. Plaintiff could have disaffirmed the contract upon discovery of the fraud, or she could ratify it as she pleased. The facts show that after discovery of the fraud, if there was fraud as alleged, she did ratify it, and acquiesced in it without objection upon her part, for nine years thereafter. For that reason, the court was right in sustaining the motion for nonsuit.

It follows that the judgment must be affirmed.

AFFIRMED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.