## Commonwealth v. Kistler

*Wallace C. Worth, Jr.,* Assistant District Attorney and *George J. Joseph,* District Attorney for Common-wealth.

*Linn H. Schantz* and *Robert A. Weinert,* for defend-ant.

HENNINGER, P. J., May 24, 1960.—Raymond Kist-ler, defendant, was arrested March 16, 1959, charged with fraudulent conversion of 40 storage batteries, the property of Willard Storage Battery Company. On August 10, 1959, defendant was given a preliminary hearing by the alderman and was bound over for the next term of court, which was our September sessions, 1959.

The justice returned his case on December 5, 1959, and the case was presented to the grand jury sum-

moned for our January sessions, 1960, which on January 7, 1960, returned a true bill.

When the case was called for trial before a petit jury on January 12, 1960, defendant, before the petit jury was called and sworn, moved to quash the indictment because the true bill was found by a grand jury summoned for a later term than that to which defendant was bound over. It is to be noted that defendant was in court when the case was called for trial and expressed no reason to quash the array, no grounds for challenge of any of the grand jurors and made no motion for continuance of the trial.

The record discloses that a side bar conference was held before the court ruled on the motion to quash. At that conference it was conceded that defense counsel received by mail from the district attorney's office a copy of a notice purportedly sent to defendant, that defendant was to appear upon the opening day of our January term of court and not to depart without leave. Defense counsel neither conceded nor denied receipt of the original notice by their client.

Defendant was convicted and has moved in arrest of judgment, based upon denial of the motion to quash, overruling of a demurrer to the evidence and refusal to discharge defendant.

In their brief, defense counsel make no reference to the refusal to discharge and the overruling of the demurrer and we assume they have abandoned those reasons. In any event, they are without merit for the evidence is clear that defendant obtained batteries at a nominal figure, paid for and delivered out of the line of practices for honest dealing. He had explanations for his actions, but the jury understandingly did not accept his excuses.

Defendant has some precedent for his proposition that an indictment will be quashed if it is found by a

grand jury drawn for a term other than the one for the session at which he is bound to appear: Commonwealth v. Haefner, 21 Dist. R. §886; Commonwealth v. Rice, 15 Dist. R. 604; Commonwealth v. Brown, 12 Dist. R. 316; Commonwealth v. Kirk, 39 Wash. 123.

In deciding this question, we must remember that the problem is neither one of forfeiture of bail or punishment for failure to appear, because defendant and his counsel were in fact in court at the term in which the indictment was found and the case tried.

Although the last case cited by defense counsel is a recent one, it is our opinion that this question has been decided against defendant in the Superior Court case of Commonwealth v. Magid and Dickstein, 91 Pa. Superior Ct. 513. In that case, the return was to a term already in esse and defendant contended that he had lost the right to challenge the array of grand jurors. The Superior Court there said, page 516:

"The appellants' contention that the action complained of deprived them of their right to challenge the array of the grand jury is without merit. They do not aver that any ground existed for such challenge, but only that if such ground had existed, they could not have availed themselves of it. This is no reason at all for setting aside a conviction. But it is untenable for the reason that if grounds for such challenge had existed, they would have been considered on motion to quash if made at the first opportunity after indictment . . ."

The Magid case was cited with approval in Commonwealth v. Weiner, 101 Pa. Superior Ct. 295. In Commonwealth v. Gross, 161 Pa. Superior Ct. 613, several terms of court had passed between the preliminary hearing and submission to the grand jury with notice to defendant's bondsman, and not to defendant himself, that the case would be tried at the

later term. The court held this was sufficient notice since the bondsman in law had custody of defendant and the same case, page 620, approves the decision in Commonwealth v. Graham, 20 York 143, that notice to defendant's lawyer is sufficient.

In our case, we consider the notice to appear surely mailed to defendant's counsel and almost certainly mailed to defendant himself, coupled with defendant's actual presence in court and the absence of the showing of any prejudice to defendant by reason of the delayed return of the case, clearly justified the refusal of the motion to quash.

Now, May 24, 1960, defendant's motion in arrest of judgment is denied, the verdict is sustained and it is ordered that defendant appear in Court Room No. 1 for sentence on Monday, June 20, 1960, at 9:30 a.m.