Argued May 2, affirmed June 29, 1966

POPE ET UX *v.* HAYS ET AL

416 P. 2d 325

*Austin Dunn,* Baker, argued the cause for appellants. With him on the brief was John L. Jacobson.

*Thomas F. Young,* Baker, argued the cause for respondents. On the brief were Banta, Silven & Young.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin, Denecke, Holman and Lusk, Justices.

LUSK, J.

This is a suit for the rescission of a contract of purchase of a laundry and dry cleaning business known as the "Red Barn Coin Automatic Dry Cleaners" located in Caldwell, Idaho. The court entered a decree for the plaintiffs from which the defendants have appealed.

The amended complaint alleged that the plaintiffs entered into the transaction in reliance upon false representations of the defendants that (1) the business would produce a gross monthly income of approximately $3,500 and that the expense of operation (including payments on a chattel mortgage given by the plaintiffs to secure the balance of the purchase price) would be approximately $1,656, thus producing a net monthly income of $1,844; and (2) the washing machines and other equipment of the business were in good and operable condition. It is alleged that during the three months that the plaintiffs were in possession of the business and operating it the gross income therefrom was only $3,522.49, or about $1,174.16 per month, and the expenses, including mortgage payments, amounted to $3,761.07, resulting in a net loss of $238.58. It was further alleged that the larger part of the equipment was inoperable and required substantial expenditures of money to put it into operable condition.

The sale was made in August, 1963. The purchase price was $56,252.32. Of this amount plaintiffs paid $10,000 by transfer of the equity in their home in Baker, Oregon, to the defendants. Another $10,000 was paid by a loan in that amount made by the defendants to the plaintiffs, and the balance of the purchase price was secured by a chattel mortgage which

called for the payment by plaintiffs to the defendants of monthly installments of $963.59.

The testimony of the plaintiffs fully supports their charge that the representations alleged were made and were false. The defendant, Ted G. Hays, as a witness, denied that he made any representations whatever, but the trial court believed the plaintiffs and in a memorandum decision said "that the fullest credibility should be assigned to their testimony. * * * In fact there is no reasonable doubt in the mind of the Trial Court about the truth of the contentions of plaintiffs."

■ The defendants argue that the representations as to the income and expenses of the business were mere expressions of opinion, rather than statements of facts, and were, therefore, not actionable. We do not agree. The defendant, Ted G. Hays, is a man of considerable and varied business experience. In this very transaction he put together a rather complicated deal, and arranged for the financing of the transaction. He had operated the laundry for more than two years and a half before he sold it to the plaintiffs and must, therefore, be presumed to have known what the receipts and costs of operation of the business were. The plaintiff, Charles E. Pope, on the other hand, has been a carpenter all his adult life with little business experience. Mrs. Pope has had some experience as a bookkeeper. It is a typical case where a party with superior knowledge expresses an opinion regarding a material fact which he knows he does not entertain because it is contrary to the fact and which he intends the other party to rely upon. Such an expression of opinion is regarded as a statement of fact and, if false, is actionable: *Olston v. Oregon W. P. & Ry. Co.*, 52 Or 343, 355-356, 96 P 1095, 97 P 538, 20 LRA NS 915. See, also, *Horner v. Wagy*, 173 Or 441, 456, 146 P2d 92.

■ Defendants also contend that plaintiffs did not rely on the representations, but on their own investigation, and in this connection point to evidence that plaintiff Charles E. Pope selected a certified public accountant to examine the defendants' books and records and he and defendant Ted G. Hays, at Pope's request, went to the office of the accountant together for that purpose. The books and the income tax return of the defendants for the year 1962, which were received in evidence on the trial, disclose the falsity of the representations testified to by the plaintiffs regarding the net income of the business. Pope testified that the books Hays brought to the accountant's office were not the same as those produced at the trial and he and Mrs. Pope both testified that they had never seen the 1962 income tax return. Neither party called the accountant as a witness. The books and the 1962 income tax return are convincing evidence that no one carrying the obligations assumed by the plaintiffs could have made a success of the business. It is scarcely believable that even the plaintiffs, inexperienced as they were, would have entered upon this venture, involving the trading away of their only capital asset, their home, had they been apprised of the true state of affairs. We think they relied upon the false representations.

Giving the accustomed weight to the decision of the trial judge in an equity suit on disputed questions of fact, we are of the opinion that the decree should be, and it is, affirmed.